IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED JEWISH COMMUNITIES, INC. trading as United Jewish Appeal,<br><br>  Plaintiff,<br><br>  v.<br><br>WACHOVIA BANK, N.A.,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:10-CV-1289-TWT |
| UNITED JEWISH COMMUNITIES, INC. trading as United Jewish Appeal,<br><br>  Plaintiff,<br><br>  v.<br><br>BRANCH BANKING AND TRUST,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:10-CV-1290-TWT |

ORDER

This is a consolidated action for breach of fiduciary duty against Branch Banking and Trust and Wachovia. It is before the Court on Branch Banking and Trust's Motion for Summary Judgment [Doc. 28] and Wachovia Bank, N.A.'s Motion for Summary Judgment [Doc. 29]. For the reasons set forth below, the Court GRANTS the Defendants' Motions.

I. Background

T:\ORDERS\10\United Jewish Communities\10cv1289\twtsj.wpd

On September 19, 2005, Lynn Tuvim purchased a certificate of deposit at Wachovia Bank, N.A. ("Wachovia"). On April 11, 2006, Ms. Tuvim opened a revocable trust account with Branch Banking and Trust Company ("BB&T"). Around the same time, Ms. Tuvim opened accounts at four other banks. As to each of these accounts, Ms. Tuvim designated United Jewish Appeal ("UJA") as the payable-on-death beneficiary. UJA is the predecessor of the Plaintiff, United Jewish Communities, Inc. ("UJC"), a New York corporation.

For the last twenty years of her life, Ms. Tuvim was estranged from her two sons, Mark and Reid Tuvim. On May 1, 2006, Lynn Tuvim passed away. Subsequently, Mark and Reid Tuvim filed a complaint as administrators of their mother's estate, seeking to set aside certain certificates of deposit designating UJC as the payable-on-death beneficiary. The Georgia Supreme Court held that a corporation such as UJC is not a proper P.O.D. payee under Georgia law. Tuvim v. United Jewish Cmtys., 285 Ga. 632, 633 (2009) . The court ordered that the proceeds of Ms. Tuvim's accounts be paid to her two sons. Id.

On March 22, 2010, the Plaintiff filed a Complaint against Wachovia in state court [Doc. 1]. On the same day, the Plaintiff filed a Complaint against BB&T. The cases were then removed to this Court. See United Jewish Cmtys. v. Branch Banking and Trust Co., No. 10-CV-1290 [Doc. 1]. In the Complaints, UJC sought damages for

breach of duty, negligence per se, and attorneys' fees.  The Plaintiff alleges that the Defendants owed UJC a duty as a third party beneficiary of Ms. Tuvim's beneficiary designations.  The Defendants filed motions to dismiss, asserting that they owed no duty to UJC.  On July 4, 2010, this Court consolidated the cases against Wachovia and BB&T [Doc. 7].  On November 29, 2010, this Court granted the Defendants' motion to dismiss the claim for negligence per se, but denied the Defendants' motion to dismiss the claims for breach of duty and attorneys' fees [Doc. 14].  The Defendants now seek summary judgment on the remaining claims for breach of duty and attorneys' fees.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. Discussion

A. Breach of Duty

1. Existence of a Duty

The Defendants argue that they did not breach any duty set forth in Tucker Federal Savings & Loan Association v. Rawlins, 209 Ga. App. 649 (1993) which requires banks to use ordinary care when advising their customers on designating a P.O.D. beneficiary. Here, UJC asserts that Wachovia and BB&T failed to use ordinary care in advising Ms. Tuvim on how to designate a P.O.D. beneficiary. (See Doc. 14, at 8.) Thus, as discussed in the Prior Order, Wachovia and BB&T owed a duty to the Plaintiff.

2. Exculpatory Language

The Defendants argue that Ms. Tuvim waived her rights to sue for the claims stated here. Wachovia attached a deposit agreement to its Motion for Summary Judgment that is signed by Ms. Tuvim; and which states: "[Wachovia] makes no representations as to whether the use of a POD...designation is appropriate for the person(s) establishing such an account. Any such designation should be made only after consulting with an attorney or other qualified estate planning professional." (Br.

in Supp. of Def. Wachovia's Mot. for Summ. J., Exs. A-D.) (Merck Aff. ¶¶ 4-12.) BB&T attached a deposit agreement to its Motion for Summary Judgment that is signed by Ms. Tuvim; and which states: "the Bank has no responsibility to inform you as to how the titling may affect your legal interests...if you have any questions as to the legal effects of an account, you should consult with your own attorney or advisor." (Br. in Supp. of Def. BB&T's Mot. for Summ. J., Exs. A-B.) (Drews Aff. ¶¶ 4-10.)

As discussed above, Tucker Federal requires banks to provide such advice. The parties, however, are free to modify this obligation through contract. This Court recently decided the same issue in United Jewish Cmtys., Inc. v. FDIC, No. 10-CV-3355, 2011 WL 1497532 (N.D. Ga. Apr. 18, 2011) [Doc. 17] Order, with facts that the Plaintiff concedes are "almost (but not completely) identical." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 8.) As this Court reasoned in United Jewish Cmtys., Inc. v. FDIC, parties may waive claims of ordinary negligence in Georgia. Flood v. Young Woman's Christian Ass'n of Brunswick, 398 F.3d 1261, 1264 (11th Cir. 2005). Here, UJC claims that Wachovia and BB&T negligently failed to advise Ms. Tuvim as to her beneficiary designation. By signing the certificate of deposit application, however, Ms. Tuvim waived her right to rely on advice from Wachovia and BB&T regarding a P.O.D. designation. UJC, as a third-party beneficiary, cannot

bring claims that were waived by Ms. Tuvim.  For this reason, the Plaintiff's breach of duty claims against Wachovia and BB&T are dismissed.

### B.    Attorneys' Fees

Finally, the Defendants argue that because UJC's underlying claims fail, the Plaintiff's claim for attorneys' fees must also fail.  O.C.G.A. § 13-6-11 "does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages." Lamb v. Salvage Disposal Co. of Ga., 244 Ga. App. 193, 196 (2000).  As discussed above, UJC's claims against Wachovia and BB&T have been waived.  Thus, the Plaintiff's claims for attorneys' fees against Wachovia and BB&T are also dismissed.

### IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Motion for Summary Judgment with respect to Wachovia, No. 10-CV-1289 [Doc. 29] and GRANTS the Motion for Summary Judgment with respect to BB&T, No. 10-CV-1290 [Doc. 28].

SO ORDERED, this 29 day of August, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge